[Civ. No. 9704.   Second Appellate District, Division Two.—April 20, 1935.]

VITO CATELLA, Respondent, v. FERNANDO NEGRO, Appellant.

D. Joseph Coyne for Appellant.

Robert E. Austin and John N. Helmick for Respondent.

CRAIL, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in an action upon a promissory note. The promissory note in question was duly executed in favor of Mrs. Vita Negro Arseno, as payee. Shortly before her death she assigned the note in writing to her brother, the plaintiff herein, and thereafter the note was in the possession of the plaintiff. After the death of the original payee, her husband, who did not have possession of the note, assigned said note to the wife of defendant.

Several defenses were presented by the defendant to the *prima facie* case made by the plaintiff; that the original payee was incompetent and unable to understand the character of the transaction at the time of her assignment, that said assignment was without consideration, and that there was constructive fraud in procuring said assignment. Defendant also claimed that the note was the community property of Mr. Arseno and his deceased wife and that the latter could not make the assignment without the consent of her husband, and that by reason of the later assignment of said note by the surviving husband to defendant's wife the latter and not the plaintiff was the owner of the note. ▪ It is sufficient to say that the trial court found against the defendant on all of these issues and the findings are supported by substantial evidence. This is just another case which is presented to this court on appeal as if this court would try the case *de novo,* the appellant forgetting that the trial court is the fact-finder and that under the

circumstances of this case this court will not concern itself with the evidence except to see if there is any substantial evidence to support the findings.

Judgment affirmed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1935.